RIMOWA DISTRIBUTION, INC.,

                            Plaintiff,

v.                                                          Civil Action No.

TRAVELERS CLUB LUGGAGE, INC.,

                            Defendant.

## **COMPLAINT**

Plaintiff Rimowa Distribution, Inc. (hereinafter referred to as "RIMOWA" or the "Plaintiff"), by its attorneys, Dale C. Kerester, Esq., of the firm of Lynch, Brewer, Hoffman & Fink, LLP, and William E. O'Brien, Esq., of the Law Office of William E. O'Brien, for its Complaint against Defendant, Travelers Club Luggage, Inc. (hereinafter referred to as "TRAVELERS CLUB" or the "Defendant") alleges as follows:

### **INTRODUCTION**

1.      This is an action in law and equity for trademark infringement, false designation of origin, and trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition under the common law.  As is set forth below, RIMOWA, which distributes and sells luggage, traveling cases and suitcases, trunks, and briefcases, is the licensee of federal trademark registrations for the distinctive pattern of ridges and grooves (the "Mark") that run across and around the surface all of its luggage products.  TRAVELERS CLUB, a direct competitor of RIMOWA, recently adopted and began using a mark and/or design on its "CHICAGO COLLECTION," "JET SET COLLECTION", "NOVA COLLECTION" lines of luggage products, as well as the

lines designated by the serial numbers HS-27803, HS-27903 and HS-28103 that are almost identical to the Mark. Upon information and belief, TRAVELERS CLUB is promoting, marketing, offering for sale and selling these luggage products in an effort to mislead and confuse prospective purchasers and to falsely designate the source of origin of their products. Upon information and belief, TRAVELERS CLUB's actions are part of a deliberate attempt to divert sales away from RIMOWA. These actions will continue unless enjoined by this Court.

**PARTIES**

2.      Plaintiff, Rimowa Distribution, Inc. (hereinafter referred to as "RIMOWA" or the "Plaintiff"), is a Delaware corporation with its principal place of business in Flower Mound, Texas. RIMOWA has been in the business of distributing and selling luggage, traveling cases and suitcases, trunks, and briefcases. RIMOWA advertises, promotes, sells and distributes its products in interstate commerce in the United States, specifically including in the Commonwealth of Massachusetts. At all relevant times, RIMOWA has licensed the trademarks identified in this Complaint from its parent RIMOWA GmbH.

3.      Upon information and belief, TRAVELERS CLUB LUGGAGE, Inc. (hereinafter referred to as "TRAVELERS CLUB" or the "Defendant") is a California corporation with a principal place of business in La Palma, CA. Upon information and belief, TRAVELERS CLUB has at all relevant times been in the business of distributing and selling luggage, traveling cases and suitcases, trunks, and briefcases. Upon information and belief, TRAVELERS CLUB advertises, promotes, sells, and distributes

luggage, traveling cases and suitcases, trunks, and briefcases products in interstate commerce in the United States, specifically including in the Commonwealth of Massachusetts. TRAVELERS CLUB has committed acts of infringement and unfair competition in this District, and is causing injury to RIMOWA in this District.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121 because RIMOWA asserts claims arising under the Lanham Act of 1946, as amended, 15 U.S.C. §1051, *et seq.*

5. This Court also has original jurisdiction pursuant to the provisions of 28 U.S.C. 1338(b) because RIMOWA's claims for Massachusetts statutory unfair competition, common law trademark and trade dress infringement and common law unfair competition are claims under Massachusetts law and are joined with a substantial and related claim under the trademark laws of the United States.

6. This Court has supplemental jurisdiction over the state law and common law claims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the other claims in this case over which the Court has original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d) and 1400(a) because a substantial part of the acts of infringement and unfair competition which give rise to RIMOWA's claims occurred in this district and victims of the infringing activities may be found in this district.

8.      Personal jurisdiction is this District is proper in that TRAVELERS CLUB transacts business in the Commonwealth of Massachusetts, contracts to provide services or things in the Commonwealth of Massachusetts, regularly does or solicits business in the Commonwealth of Massachusetts, and derives substantial revenue from goods used or consumed in the Commonwealth of Massachusetts.

## FACTS COMMON TO THE COUNTS

### The Mark

9.      Since at least 1950, prior to the acts of TRAVELERS CLUB complained of herein, RIMOWA'S parent, Rimowa GmbH, has been using a distinctive design in connection with the manufacture, advertising, and sale of its luggage products, which such design is easily recognizable and distinguishable from other luggage products.

10.     More specifically, Rimowa GmbH has used a distinctive pattern of ridges and grooves  on its products since at least 1950 and since at least 1985 in the United States, specifically including the following:

  a.      mutually parallel ridges extending from an outer surface of a suitcase in a three-dimensional manner;

  b.      a plurality of flat planar surfaces or grooves extending in a strip shape between the ridges;

  c.      the outer surface of the suitcase is formed by the plurality of flat planar surfaces or grooves from which the ribs extend; and

  d.      the three-dimensionally extending ribs are uniformly distributed across the outer surface.

11.     Rimowa GmbH manufactures and sells several lines of luggage products. These product lines are designated as TOPAS, TOPAS TITANIUM, SALSA, SALSA DELUXE, SALSA AIR, BOLERO, PILOT, ATTACHE, LIMBO, SILVER INTEGRAL, CLASSIC FLIGHT, and BOSSA NOVA.  Attached hereto at Exhibit A are product sheets showing the foregoing Rimowa luggage lines.

12.     At all relevant times, RIMOWA has had the right to use, distribute and sell in the United States Rimowa GmbH products bearing the family of Rimowa GmbH trademarks and has been a licensee of the federal trademark registrations owned by Rimowa GmbH for the distinctive pattern of ridges and grooves that run across and around RIMOWA's luggage products

13.     RIMOWA's products comprise or constitute a distinctive trade dress consisting of the overall appearance of its luggage, the most distinctive element of which is a series of ridges and grooves that appear on the luggage and also including the placement and appearance of rollers and roller housings, handles and trolley bars, locks, and corner protectors or outlined corner protectors.

14.     RIMOWA is the sole licensee of the federal trademark registrations owned by Rimowa GmbH for the distinctive pattern of ridges and grooves that run across and around RIMOWA's luggage products.

15.      More specifically, RIMOWA is the licensee of United States Patent and Trademark Office registration number 4,548,851, registered June 10, 2014,  for *inter alia* "Travel luggage; Luggage, namely, trunks and Suitcases; Trunks; Cosmetic cases sold empty; Attaché cases; Suitcases; General purpose sport trolley bags; Pilot bags, namely,

travel bags, all the aforesaid goods being entirely or partly of metal or plastics or fabric material or a combination of the aforesaid materials; pouches of textile; Book bags; handbags; rucksacks of textile material; holdalls; toiletry bags sold empty; purses, travel cases; traveling sets, namely, leather toiletry bags sold empty" in international class 18. In this registration, the mark is described as "a three-dimensional design feature of the goods consisting of parallel ridges and grooves that uniformly cover the surface of the goods." This registration asserts a date of first use of 1950 and a date of first use in commerce of 1985

16.     RIMOWA is also the licensee of United States Patent and Trademark Office registration number 4,586,888 registered August 19, 2014 for "traveling suitcases, valises, traveling bags, trolly suitcases, travel baggage" in international class 18.  In this registration the mark is describes as consisting of "a 3d pattern of strait ridges and grooves that appear uniformly over the surface of the applicant's goods. The mark consists of a three dimensional configuration of the goods." This registration asserts a date of first use of 1950 and a date of first use in commerce of 1985.

17.     RIMOWA is also the licensee of United States Patent and Trademark Office registration number 3,949,886, registered on April 26, 2011 on the Principal Register, for a mark described as consisting of the horizontal bands that run across and around RIMOWA's luggage products for carrying cases for photographic equipment in international class 9 and for luggage, traveling cases and suitcases, trunks and briefcases in international class 18 (This registration is referred to herein as the "Principal

Registration").  This registration asserts a date of first use of 1950 and a date of first use in commerce of 1985.

18.	RIMOWA is also the licensee of United States Patent and Trademark Office registration number 2,583,912, registered on June 18, 2002 on the Supplemental Register, for the mark consisting of the horizontal bands that run across and around RIMOWA's luggage products for carrying cases for photographic equipment in international class 9 and for luggage, traveling cases and suitcases, trunks and briefcases in international class 18 (This registration is referred to herein as the "Supplemental Registration"). (These registrations and the trademarks and trade dress described above, and each of them, are referred to jointly herein as the "Marks").  This registration asserts a date of first use of 1950 and a date of first use in commerce of 1985.

19.	A copy of the registration certificates for the Marks are attached hereto as Exhibit B and incorporated herein.

20.	The Registration 3,949,886 has also been registered with the U.S. Customs and Border Protection Agency.

21.	RIMOWA has continuously used without interruption and continues to use the Marks in connection with all goods and services reflected in the registration, in the United States.

22.	RIMOWA uses the Marks on all of the luggage products that it advertises, promotes, sells and distributes.

23.     The product features that make up the Marks, specifically including the distinctive pattern of ridges and grooves, are non-functional and non-essential to the use or purpose of the luggage products.

24.     RIMOWA has established considerable reputation and goodwill in the Marks in the United States and elsewhere.

25.     RIMOWA has made a substantial investment in the promotion and protection of the Marks and considers the Marks among its most important and valuable assets.

26.     RIMOWA has expended considerable time and money in promoting products with such design in its advertising and promotions so that the public associates such design with RIMOWA and its reputation for workmanship, quality, and durability.

27.     RIMOWA has advertised, promoted, marketed, and sold its products containing the Marks throughout the United States via the internet and by other means of marketing, including:

a.     Rimowa.com;

b.     Authorized resellers (internet and retail locations);

c.     Advertisements in printed media, specifically including but not limited to travel publications;

d.     Advertising brochures;

e.     Participation at trade shows;

f.     Trade publications;

g.     Product placement in movies and television; and

h.    Public figure placements.

28.    The distinctive pattern of ridges and grooves have acquired secondary meaning in that it is unique and distinctive and has come to be associated by the trade and consuming public exclusively with RIMOWA.

29.    The distinctive pattern of ridges and grooves has come to signify RIMOWA as the source of luggage having the same or similar characteristics.

30.    RIMOWA's Marks are inherently distinctive to the public, and serve as a designator of origin of products emanating from or sponsored or licensed by RIMOWA.

31.    As a result of the widespread use and display of the Marks and trade dress, (a) the public and the trade use them to identify and refer to RIMOWA, (b) the public and the trade recognize that such designations refer to a high quality product emanating from a single source, and (c) said trademark and related trade dress have built up secondary meaning and extensive goodwill.

32.    The Marks and trade dress are famous and represent valuable goodwill owned by RIMOWA.

## Infringement and Unfair Competition

33.    Upon information and belief, in or about the spring of 2014, notwithstanding RIMOWA's prior rights in the Marks, TRAVELERS CLUB adopted a virtually identical mark.

34.    TRAVELERS CLUB has manufactured, advertised, and/or offered for sale, and sold and/or commercially in interstate commerce, either directly to the

public or through distributors, luggage products containing a mark and/or design bearing a shape, style, and overall appearance which is the same or confusingly similar to the shape, style and overall appearance of the Marks.

35.     More specifically, TRAVELERS CLUB has adopted and begun using a mark and/or design on its "CHICAGO COLLECTION", "JET SET COLLECTION" and "NOVA COLLECTION" lines of luggage products, as well as the lines designated by the serial numbers HS-27803, HS-27903 and HS-28103 that are almost identical to the Marks, including:

a.      mutually parallel ridges extending from or grooves sunk into an outer surface of a suitcase in a three-dimensional manner;

b.      a plurality of flat planar surfaces or grooves extending in strip shape between the ridges;

c.      the outer surface of the suitcase forms the planar surface from which the ridges and/or grooves extend inward or outward; and

d.      the three-dimensionally extending ridges and sunk-in grooves are substantially uniformly distributed across the outer surface.

36.     A true and accurate copy of TRAVELERS CLUB's advertising taken from the Travelers Club website on January 29, 2015, for each brand is attached hereto as Exhibit C and incorporated by reference.

37.     There are virtually no differences between the marks as used on the TRAVELERS CLUB luggage and RIMOWA's marks.

38.     Upon information and belief, TRAVELERS CLUB has advertised, promoted, marketed, and sold such luggage via the internet and by other means of marketing substantially similar to the means used by RIMOWA.

39.     Upon information and belief, TRAVELERS CLUB markets its products in the same geographic locations as does RIMOWA, including Massachusetts.

40.     Upon information and belief, RIMOWA's products and TRAVELERS CLUB's products are sold in the same channels of trade in this District and elsewhere.

41.     Since both trademarks and the goods/services upon which the marks appear are almost identical, there is a strong likelihood that consumers will be confused.

42.     TRAVELERS CLUB is not an authorized user of the Marks.

43.     TRAVELERS CLUB has improperly and illegally adopted the use of the mark for the sale of luggage products in the United States, specifically including Massachusetts.

44.     Upon information and belief, TRAVELERS CLUB had knowledge of the Marks and of RIMOWA's commercial success selling products containing the Marks.

45.     Upon information and belief, TRAVELERS CLUB willfully, knowingly, deliberately, fraudulently, and with conscious disregard of RIMOWA's rights in the Marks, manufactured, advertised, and/or offered for sale and sold luggage products imitating the Marks.

46.     TRAVELERS CLUB's actions as alleged are intended to, and are likely to cause confusion, mistake or deception as to the source of origin of TRAVELERS CLUB's goods and services in that the public, the trade and others are likely to believe TRAVELERS CLUB's goods and services are the same as RIMOWA's goods and/or services, or are authorized, sponsored or approved by RIMOWA, or are otherwise affiliated or connected with RIMOWA and/or its valuable trademarks and trade dress.

47.     TRAVELERS CLUB's actions, as alleged, have caused, and will continue to cause irreparable harm to RIMOWA and its valuable trademarks and trade dress, and to the business and substantial goodwill represented thereby, and said acts and damage will continue unless restrained by this Court.

## COUNT ONE
## TRADEMARK INFRINGEMENT AND
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

48.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 47 as though fully set forth herein.

49.     TRAVELERS CLUB's acts as alleged constitute trademark infringement, false designation of origin, false representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable injury of the public and of RIMOWA's business reputation and goodwill.

50.     In view of the association by the public of the Marks with RIMOWA and its products, TRAVELERS CLUB's use of nearly identical pattern of ridges and grooves for identical products is causing and is likely to cause confusion, mistake, and deception

of the relevant public as to whether TRAVELERS CLUB's products and services emanate from, or are sponsored or approved by, RIMOWA.

51.     The conduct of TRAVELERS CLUB complained of herein constitutes trademark infringement, all of which has damaged and will continue to damage irreparably RIMOWA's valuable goodwill unless enjoined by this Court.

52.     As result of TRAVELERS CLUB's conduct, RIMOWA has suffered and will continue to suffer monetary damages in an amount not yet determined.


**COUNT TWO**
**TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT**

53.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 52 as though fully set forth herein.

54.     TRAVELERS CLUB's unauthorized use of a trade dress on its products is confusingly similar to the trade dress used by RIMOWA on its products and constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, to the substantial and irreparable injury of the public and of RIMOWA's business reputation and goodwill.

55.     Upon information and belief, by such wrongful acts, TRAVELERS CLUB has and unless restrained by the Court, will continue to cause serious irreparable injury and damage to RIMOWA and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales and lost profits.

56. As result of TRAVELERS CLUB's conduct, RIMOWA has suffered and will continue to suffer monetary damages in an amount not yet determined.

**COUNT THREE**
**COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT**

57. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 56 as though fully set forth herein.

58. RIMOWA owns and enjoys common law trademark rights in the overall commercial impression and presentation of its product design and trade dress.

59. RIMOWA's product design and trade dress rights are superior to any rights that TRAVELERS CLUB may claim in said product design and/or trade dress with respect to TRAVELERS CLUB products.

60. In view of the association by the public of the Mark with RIMOWA and its products, TRAVELERS CLUB's use of nearly identical pattern of ridges and grooves for closely related products is causing and is likely to cause confusion, mistake, and deception of the relevant public as to whether TRAVELERS CLUB's products and services emanate from, or are sponsored or approved by, RIMOWA.

61. The conduct of TRAVELERS CLUB complained of herein constitutes common law trademark and trade dress infringement, all of which has damaged and will continue to damage irreparably RIMOWA's valuable goodwill unless enjoined by this Court.

62. As result of TRAVELERS CLUB's conduct, RIMOWA has suffered and will continue to suffer monetary damages in an amount not yet determined.

**COUNT FOUR**
**DILUTION OF TRADEMARKS UNDER 15 U.S.C. §1125(C)**

63. RIMOWA repeats and re-alleges each and every allegation of paragraphs 1 through 62 as though fully set forth herein.

64. Through TRAVELERS CLUB's unauthorized use of the Marks and trade dress in connection with the infringing products, TRAVELERS CLUB has intended to cause, has caused, and are likely to continue to cause dilution of the distinctive quality of the Marks and trade dress in violation of 15 U.S.C. §1125(c).

65. TRAVELERS CLUB's conduct is intended to trade upon RIMOWA's reputation and is likely to tarnish or injure RIMOWA's business reputation.

66. Unless enjoined by the Court, TRAVELERS CLUB's use of the foregoing Marks and trade dress will continue to cause irreparable and continuing harm to RIMOWA in the diminution of their value and goodwill, and in their impairment to serve as designations of source, for which RIMOWA has no adequate legal remedy.

67. As a direct and proximate result of TRAVELERS CLUB's wrongful conduct, RIMOWA has been and will continue to be damaged by, without limitation, a diminution in the value of the Marks and trade dress, and in their reputation and goodwill.

**COUNT FIVE**
**COUNTERFEITING**

68. RIMOWA repeats and re-alleges each and every allegation of paragraphs 1through 67 as though fully set forth herein.

69.     TRAVELERS CLUB's unauthorized use of the Marks constitutes counterfeiting under 15 U.S.C. § 1116 (d) (1)(B)(i) and/or (ii) as TRAVELERS CLUB's markings are identical to, or substantially indistinguishable from RIMOWA's Marks.

**COUNT SIX**
**COMMON LAW UNFAIR COMPETITION**

70.     RIMOWA repeats and re-alleges each and every allegation of paragraphs 1 through 69 as though fully set forth herein.

71.     TRAVELERS CLUB's aforementioned acts are likely to cause confusion, misrepresentation and/or to cause mistake or to deceive the public as to the affiliation, approval, sponsorship or connection between TRAVELERS CLUB and RIMOWA and constitutes unfair competition under the common law.

72.     RIMOWA has been damaged by TRAVELERS CLUB's aforementioned acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an order of the Court:

A.     Granting a preliminary and permanent injunction restraining TRAVELERS CLUB, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with, from:

        i)     making, using, offering for sale, selling or distributing any products that bear the same shape, style and overall appearance or any confusingly similar variations thereof as the Mark; and

16

ii)       unfairly competing with RIMOWA in any manner.

B.       Directing TRAVELERS CLUB to use its best efforts to recall from the trade and other third parties any and all infringing goods and to cease any marketing, advertising and promotional materials using products that bear the same shape, style and overall appearance or any confusingly similar variations thereof as the Mark;

C.       Directing TRAVELERS CLUB to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which TRAVELERS CLUB has complied with the injunction;

D.       Directing TRAVELERS CLUB to deliver up to RIMOWA for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing goods and any promotional, marketing, advertising, and promotional materials used in connection with the sale or marketing of any goods or services, now or hereafter in its possession, custody or control;

E.       Directing TRAVELERS CLUB to account to RIMOWA for any and all profits derived by TRAVELERS CLUB from the sale of goods or services bearing the infringing trademark and trade dress;

F.       Awarding Plaintiff a monetary judgment against TRAVELERS CLUB for Plaintiff's damages and TRAVELERS CLUB's profits pursuant to 15 U.S.C. § 1117;

G.       Trebling the amount of such award on account of TRAVELERS CLUB's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117 *and Mass. Gen. Law c. 93A;*

H.     Awarding Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of TRAVELERS CLUB's intentional and willful infringement, pursuant to 15 U.S.C. § 1117 *and Mass. Gen. Law c. 93A*; and

I.     Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**RIMOWA DISTRIBUTION, INC**
By its Attorneys

/s/ Dale Kerester
Dale C. Kerester, BBO #548385
Lynch, Brewer, Hoffman & Fink LLP
75 Federal Street, 7th Floor
Boston, MA 02110
(617) 951-0800
dkerester@lynchbrewer.com

Of Counsel:
William E. O'Brien, Esq. BBO #552553
Law Office of William E. O'Brien, Esq.
2 Connector Road, Suite 200
Westborough, MA 01581
(781) 956 - 5363
william@masstechlawyer.com

Dated:  February 11, 2015