UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-10330-RGS

RIMOWA DISTRIBUTION, INC.

v.

TRAVELERS CLUB LUGGAGE, INC.

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER VENUE

May 29, 2015

STEARNS, J.

Plaintiff Rimowa Distribution, Inc. (Rimowa) filed this Complaint against Travelers Club Luggage, Inc. (TCL) alleging: (1) Trademark Infringement and False Designation of Origin under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a) (Count I); (2) Trade Dress Infringement also under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (Count II); Common-Law Trademark and Trade Dress Infringement (Count III); (4) Dilution of Trademarks under 15 U.S.C. § 1125(c) (Count IV); (5) Counterfeiting, in violation of 15 U.S.C. § 1116(d)(1)(B)(i) and/or (ii) (Count V); and Common-Law Unfair Competition (Count VI). TCL now moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2), claiming that this court lacks personal jurisdiction. In the alternative, TCL seeks a transfer of

venue to the Central District of California, pursuant to 28 U.S.C. § 1404(a). TCL's motion will be denied.

BACKGROUND

Rimowa is a Delaware corporation with headquarters in Texas. Rimowa is a subsidiary of Rimowa GmbH, a German designer and manufacturer of luggage. The Rimowa brand is protected by trademarks registered in the United States that cover not only the Rimowa mark, but also the distinct uniformly spaced groove and ridge pattern that adorns its pieces of luggage. The District of Massachusetts is Rimowa's preferred forum for prosecuting this action, as its trademark counsel is based here, and Boston is a convenient intermediate point for its witnesses traveling from Canada and Germany. Rimowa also notes that its annual sales in Massachusetts exceed $1 million.

TCL is a California corporation based in La Palma, California. TCL is a wholesale manufacturer of luggage. TCL markets its luggage sets through prominent national retailers, including Amazon, Target, Bed Bath & Beyond, and Sears. TCL also maintains a website showcasing its product lines, and providing hyperlinks directing interested customers to TCL luggage offerings on the websites of the national retailers. TCL argues that its contacts with Massachusetts are insufficient to support personal

jurisdiction, either general or specific, because it does not have offices, warehouses, or employees in Massachusetts, nor does it directly sell its products to Massachusetts customers.

## DISCUSSION

"When a court's jurisdiction is contested, the plaintiff bears the burden of proving that jurisdiction lies in the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995); *see also Morrill v. Tong*, 390 Mass. 120, 129 (1983) ("When the assertion is challenged under Mass. R. Civ. P. 12(b)(2), it is the plaintiff's burden to establish sufficient facts on which to base jurisdiction."). "When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the 'prima facie' standard governs its determination." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). "Under this standard, the court will look to the facts alleged in the pleadings and the parties' supplemental filings, including affidavits." *Edvisors Network, Inc. v. Educational Advisors, Inc.*, 755 F. Supp. 2d 272, 276 (D. Mass. 2010). The court will "take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim. . . . [The court] then add[s] to the mix facts put forward by the defendants, to the extent

that they are uncontradicted." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998).

In deciding questions of personal jurisdiction over non-resident defendants, "a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir. 1994). The court "must find contacts that, in the aggregate, satisfy the requirements of both the forum state's long-arm statute and the Fourteenth Amendment." *Id.* "[T]he Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008) (quotations and citations omitted). Thus, a statutory inquiry is unnecessary, and the court may "proceed directly to the constitutional analysis[.]" *Id.; see also Good Hope Indus., Inc. v. Ryder Scott Co.*, 378 Mass. 1, 5-6 (1979).

The due process clause of the Fourteenth Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Cossaboon v. Maine Med. Ctr.*, 600 F.3d 25, 32 (1st Cir. 2010), quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985). "In

its simplest formulation, *in personam* jurisdiction relates to the power of a court over a defendant. It is of two varieties, general and specific. General personal jurisdiction . . . is the power of a forum-based court . . . 'which may be asserted in connection with suits not directly founded on [that defendant's] forum-based conduct . . . .'" *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994), quoting *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 462-463 (1st Cir. 1990). Rather, general jurisdiction is grounded in defendant's continuous and systematic activity, unrelated to the plaintiff's suit, in the forum state. *Connecticut Nat'l Bank v. Hover Treated Wood Prods., Inc.*, 37 Mass. App. Ct. 231, 233-234 n.6 (1994). "Specific personal jurisdiction, by contrast, is narrower in scope and may only be relied upon 'where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts.'" *Pritzker*, 42 F.3d at 60. The First Circuit's "constitutional test for determining specific jurisdiction . . . has three distinct components, namely, relatedness, purposeful availment (sometimes called 'minimum contacts'), and reasonableness." *Hannon v. Beard*, 524 F.3d 275, 282 (1st Cir. 2008) (internal citation omitted). The test applied by the Massachusetts Supreme Judicial Court is for all practical purposes the same. *See Tatro v. Manor Care, Inc.*, 416 Mass. 763, 767 (1994).

**Minimum Contact and Relatedness**

The relatedness test considers "the nexus between a plaintiff's claim and the defendant's contacts with the forum," and is a "flexible, relaxed standard." *Sawtelle*, 70 F.3d at 1389 (internal citations and quotations omitted); *see also Hannon v. Beard,* 524 F.3d 275, 282 (1st Cir. 2008) (same). Rimowa claims, and TCL does not deny, that the allegedly infringing TCL products are offered for sale at "brick and mortar" locations in Massachusetts, as many as 200 in number. Opp'n at 6; Surreply at 3. As this is a trademark dispute, the fact that the goods in question were physically offered for sale in Massachusetts satisfies the relatedness prong of the specific jurisdiction inquiry.

**Purposeful Availment**

"The function of the purposeful availment requirement is to assure that personal jurisdiction is not premised solely upon a defendant's "random, isolated, or fortuitous" contacts with the forum state." *Sawtelle*, 70 F.3d at 1391, quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). In *J. McIntyre Machinery, Ltd. v. Nicastro,* 131 S.Ct. 2780 (2011), the plurality found it "not enough that the defendant might have predicted that its goods will reach the forum State," and that purposefulness requires a showing of intentional activity, such as evidence

that the defendant "targeted the forum," *id.* at 2788, or that sales of the offending goods in the forum are part of the "'regular and anticipated flow' [of the stream of commerce] . . . [and] not where that sale is only an 'edd[y]'." *Id.* at 2792 (Breyer, J. concurring), quoting *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Calif.*, 480 U.S. 102, 122 (Stevens, J. concurring). Here it is beyond cavil that the sale of TCL's luggage in Massachusetts was purposeful both in the sense of being foreseeable, and more significantly, being fully intended by TCL. *See* Decl. of Peter Yu ¶ 8 (acknowledging that TCL's website directs viewers to national retailers).

> [I]f the sale of a product of a manufacturer . . . is not simply an isolated occurrence, but arises from the efforts of the manufacturer . . . to serve directly or indirectly, the market for its products in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury . . . .

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

**Reasonableness**

This leaves the third prong of the jurisdictional inquiry – the factors to be considered in assuring that, notwithstanding minimum contacts and purposeful availment, the exercise of jurisdiction comports with the due process requirement of fairness. The First Circuit considers the following five "gestalt factors":

> (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

*Sawtelle*, 70 F.3d at 1394. Massachusetts law is the same: In considering due process concerns "an assertion of jurisdiction must be tested for its reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiff's chosen forum, the forum State's interest in adjudicating the dispute, and the plaintiff's interest in obtaining relief." *Tatro*, 416 Mass. at 773, citing *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 987 F.2d 39, 46-47 (1st Cir. 1993). The "burden on the defendant, while always a primary concern, will in an appropriate case, be considered in the light of other relevant factors." *World-Wide Volkswagen*, 444 U.S. at 292. The principal burden identified by TCL is the inconvenience involved in arranging for its witnesses to travel to Massachusetts. In that TCL conducts business on an international scale, TCL's concern bears little weight - the Supreme Court has long recognized that parties transacting business on a national or international scale are expected to defend themselves in a foreign locus as an ordinary incident of doing business. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 222 (1957).

Further weighing against TCL is the interest Massachusetts has (one at least equal to that of California) in enforcing intellectual property rights, together with Rimowa's interest in "obtaining convenient and effective relief." *World-Wide Volkswagen Corp.*, 444 U.S. at 292; *see also Kulko v. California Superior Court*, 436 U.S. 84, 93 (1978). Finally, the purposes of judicial efficiency are better served in this District, which has a far lower case load than the Central District of California, and where the litigation is already underway. *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

**Transfer of Venue**

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations omitted). There is a strong presumption in favor of a plaintiff's choice of forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)

("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). The burden of proving that a transfer of venue is warranted consequently rests with the defendant. *See Berrigan v. Greyhound Lines, Inc.*, 560 F. Supp. 165, 169 (D. Mass. 1982), *aff'd*, 782 F.2d 295 (1st Cir. 1986).

In deciding a motion to transfer, in addition to the plaintiff's choice of forum, a court is to consider "the convenience of the parties and the witnesses, the availability of documents, the possibilities of consolidation and coordination, and the interests of justice." *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991) (citations omitted). Of these, the convenience of witnesses is "[p]robably the most important factor." *Brant Point Corp. v. Poetzsch*, 671 F. Supp. 2, 3 (D. Mass. 1987). It does not appear that Boston poses any hardship to either party as it is a reasonable hub for the gathering of witnesses from Germany, California and Canada. While TCL may be correct that flights from Germany to Boston are similarly priced as those to Los Angeles, this does not account for the additional flight time. In sum, there is no greater inconvenience posed to TCL than the one faced by Rimowa. "The presumption in favor of a plaintiff's choice of forum renders transfer inappropriate where its effect is

merely to shift the inconvenience from one party to another." *Sigros v. Walt Disney World Co.*, 129 F. Supp. 2d 56, 71 (D. Mass. 2001).

ORDER

For the foregoing reasons, the motion to dismiss is <u>DENIED</u>. The motion to transfer venue is also <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE